**FILED**

**December 1, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:19 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| DARYL HOLMES,<br>　　　　**Employee,** | ) Docket No.: 2017-08-0504 |
| **v.** | ) State File No.: 31584-2017 |
| ELLIS WATKINS d/b/a WATKINS<br>LAWN CARE,<br>　　　　**Uninsured Employer.** | ) Judge Deana Seymour |

---

## EXPEDITED HEARING ORDER

---

This matter came before the Court on November 8, 2017, for an Expedited Hearing. The central legal issue is whether Mr. Holmes is likely to establish at a hearing on the merits that he is entitled to medical and/or temporary disability benefits for his right-hand injury. For the reasons set forth below, the Court finds Mr. Holmes came forward with sufficient evidence to show that he is entitled to medical benefits in the form of a panel of physicians. However, he did not show entitlement to past medical expenses or temporary disability benefits at this time.

### History of Claim

Mr. Holmes, a Memphis resident for thirty years, cut his right hand at work on March 17, 2017. However, Mr. Holmes claimed that Watkins did not provide him with a panel of physicians or return him to work after his injury.

Following the injury, Mr. Watkins drove Mr. Holmes to Methodist South Hospital for treatment. The hospital transferred him to Methodist University Hospital for surgery. Mr. Holmes' attending physician diagnosed him with a lacerated tendon and hospitalized him until March 20. According to Mr. Holmes, he underwent physical therapy and received treatment from Christ Community Health Services after discharge. He did not file medical records regarding that treatment.

1

The Bureau's compliance section initiated an investigation on May 5.[1] The Bureau's report classified Watkins as a landscaping business and a Construction Service Provider (CPS). At the time of Mr. Holmes' injury, Watkins was uninsured. After interviewing Mr. Holmes and Mr. Watkins, the investigator concluded that the parties agreed on the date, time, location, and type of injury. The parties disagreed on the number of employees Watkins had at the time of Mr. Holmes' injury. The investigator concluded that Watkins did not have the workers' compensation insurance it was required to obtain.

At the hearing, Mr. Holmes introduced medical bills from multiple providers and photographs of his right hand taken the day of his injury, but he only presented one medical note. While his pay varied each week, he estimated he worked thirty hours per week for $8.00 per hour. Mr. Watkins testified that he had more than one but less than five employees on the day Mr. Holmes was injured. He stated that he believed Mr. Holmes intentionally cut his hand which Mr. Holmes denied.[2]

## Findings of Fact and Conclusions of Law

To grant the relief Mr. Holmes seeks, the Court must apply the following legal principles. Mr. Holmes bears the burden of proving all elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2017). However, he need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at this Expedited Hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1).

*Employment Relationship*

This Court initially must address whether Watkins is Mr. Holmes' "employer" as defined by Tennessee Workers' Compensation Law. An employer is "any individual . . . using the services of not less than five (5) persons for pay, except as provided in § 50-6-902." Tenn. Code Ann. § 50-6-102 (13). However, CSPs are employers "whether or not the provider employs fewer than five (5) employees." Tenn. Code Ann. § 50-6-902(a).

The Bureau's report classified Watkins as a landscaping business and a CSP. *See* Tenn. Code Ann. § 50-6-901(5). Therefore, the Tennessee Workers' Compensation Law only required Watkins to have one employee to meet the definition of "employer." Watkins confirmed he had more than one employee; so, he qualified as Mr. Holmes' employer.

---

[1] The Bureau prepared an "Expedited Request for Investigation Report" to determine whether Mr. Holmes met the criteria of the Uninsured Employers Fund to qualify as an eligible employee. The parties stipulated to the report, and the Court admitted it into evidence.

[2] No evidence was presented regarding that issue.

*Medical Benefits*

The Court turns to the requested medical benefits. The Workers' Compensation Law provides, "The employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A); *see also* § 50-6-204(b)(1). Further, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3). Conversely, an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel of physicians and/or benefits in a timely manner. *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *10.

Here, the Court finds that Mr. Holmes came forward with sufficient evidence to demonstrate he is likely to prevail at a hearing on the merits as to his entitlement to a panel of physicians from which he may choose a treating physician. The parties agreed to the date, time, location and type of injury Mr. Holmes sustained to his right hand. Therefore, this Court holds Watkins shall provide Mr. Holmes with a panel of physicians as required by Tennessee Code Annotated section 50-6-204(b)(1).

The Court further holds that Mr. Holmes did not present sufficient evidence to demonstrate he is likely to prevail at a hearing on the merits to entitle him to receive past medical expenses. He introduced medical bills from multiple providers, but only one medical note. This scant medical evidence failed to show the nature of the medical treatment Mr. Holmes received or whether the bills established charges for reasonable and necessary medical treatment related to Mr. Holmes' right-hand injury.

*Temporary Disability Benefits*

To establish entitlement to temporary disability benefits, Mr. Holmes must show (1) he became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and the inability to work; and (3) he became disabled for a specific duration.. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

In the present case, Mr. Holmes provided one discharge note from Methodist University Hospital and some medical bills. He did not present records to relate the bills to treatment for the work injury or to prove the time he was unable to work because of his

3

injury. Therefore, the Court finds Mr. Holmes did not present sufficient evidence at this time to demonstrate his entitlement to temporary disability benefits.

*Uninsured Employers Fund*

Under Tennessee Code Annotated section 50-6-802(e)(1), the Bureau has discretion to pay limited temporary disability and medical benefits to "any employee who suffered an injury arising primarily within the course and scope of the employee's employment with an employer who failed to secure the payment of compensation at the time the eligible employee suffered the injury." Tenn. Code Ann. § 50-6-801(d).

Mr. Holmes proved eligibility for payments from the Bureau by establishing the following criteria: Watkins failed to carry workers' compensation insurance; Mr. Holmes suffered an injury on March 17, 2017, within the course and scope of employment, at a time when Watkins failed to secure the payment of compensation; Mr. Holmes was a Tennessee resident on the date of the injury; and Mr. Holmes provided notice to the Bureau of the injury within sixty days and of Watkins' failure to secure the payment of compensation by filing a Petition for Benefit Determination on May 4. Based upon the parties' testimony and the record before the Court at this time, the Court holds that Mr. Holmes meets all the criteria to qualify as an eligible employee under Tennessee Code Annotated section 50-6-801, *et seq.*

**IT IS, THEREFORE, ORDERED** as follows:

1. Ellis Watkins d/b/a Watkins Lawn Care shall provide Mr. Holmes with a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204.

2. Mr. Holmes is not entitled to past medical expenses or temporary disability benefits at this time.

3. Mr. Holmes meets all the criteria of the Uninsured Employers Fund to qualify as an eligible employee.

4. This matter is set for a Scheduling Hearing on **February 5, 2018,** at 9:00 a.m. Central Time. The parties must call (615)532-9550 or toll free (866)943-0014 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of issues without your participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to

4

# APPENDIX

<u>Exhibits:</u>
    1) Expedited Request for Investigation Report
    2) Affidavit of Daryl Holmes
    3) Affidavit of Ellis Watkins
    4) Medical bills (Collective)
    5) Photographs of Mr. Holmes' injury (Collective)
    6) Medical records from Methodist Central Hospital

<u>Technical Record:</u>
    1) Petition for Benefit Determination
    2) Dispute Certification Notice
    3) Request for Expedited Hearing with attached Affidavit of Daryl Holmes
    4) Order Denying Mr. Holmes' Request for a Decision on the Record

WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED this the** ⅃ **day of December, 2017.**

_____
**HON. DEANA C. SEYMOUR**
**Workers' Compensation Judge**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the __1st_ day of December, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| James Blount, IV, Employee's Counsel | | | X | jimmy@blountfirm.com |
| Ellis Watkins, Employer | X | | | 617 N. Merton Street Memphis, TN 38112 |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**